Crosby S. Connolly, (SBN: 286650)
crosby@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

*Attorneys for Plaintiff,*
Ashton Wood

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ASHTON WOOD,** | **CASE NO:** _____ |
| **PLAINTIFF,** | **COMPLAINT FOR DAMAGES** |
| **V.** | |
| **MIDLAND FUNDING, LLC,** | **JURY TRIAL DEMANDED** |
| **DEFENDANT.** | |

HYDE & SWIGART
San Diego, California

**INTRODUCTION**

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.  Ashton Wood, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Midland Funding, LLC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.  Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6.  Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

7.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

8.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

9.  Plaintiff is a natural person who resides in the City of Newbury Park, County of Ventura, State of California.

10. Plaintiff resides in Ventura County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

11. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, Defendant suing Plaintiff in Los Angeles County, *Midland Funding LLC v. Ashton Wood*, Case No. 15A15842, Plaintiff was physically located in the City of Newbury Park, County of Ventura, State of California.

12. Because a substantial part of the events or omissions giving rise to the claim occurred in Los Angeles County, specifically, Defendant filing the the lawsuit *Midland Funding LLC v. Ashton Wood*, Case No. 15A15842, venue is proper pursuant to 28 U.S.C. § 1391b(2).

13. At all times relevant, Defendant conducted business within the State of California.

**PARTIES**

14. Plaintiff is a natural person who resides in the City of Newbury Park, State of California.

15. Defendant is located in the City of San Diego, in the State of California.

16. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

18. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

19. Defendant, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

20. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

21. Sometime before October 27, 2015, Plaintiff is alleged to have incurred certain financial obligations to Defendant.

22. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

23. Sometime thereafter, but before October 27, 2015, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

24. Subsequently, but before October 27, 2015, the alleged debt was assigned, placed, or otherwise transferred, to Defendant.

25. On October 27, 2015, Defendant initiated a lawsuit in the State of California, County of Los Angeles, *Midland Funding v. Ashton Wood*, Case No. 15A15842, against Plaintiff in an attempt to collect the alleged debt.

**HYDE & SWIGART**
San Diego, California

26. Plaintiff did not reside in the jurisdiction in which the lawsuit was filed in at the time the lawsuit was filed, and further, did not enter in the alleged contract with Defendant while present in the County of Los Angeles.

27. As a result, Plaintiff has been forced to litigate the matter *Midland Funding v. Ashton Wood*, Case No. 15A15842 in a jurisdiction in which Plaintiff does not reside in, instead of being afforded the right to litigate *Midland Funding v. Ashton Wood*, Case No. 15A15842 in the jurisdiction in which Plaintiff allegedly entered into the contract with Defendant, or the jurisdiction in which Plaintiff currently resides in at the time of the filing of *Midland Funding v. Ashton Wood*, Case No. 15A15842, as the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act provides for.

28. As a result, Plaintiff was not provided the privileges afforded to him under the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act, and has been forced to litigate the matter *Midland Funding v. Ashton Wood*, Case No. 15A15842 in a venue that Plaintiff does not reside in.

29. Therefore, Plaintiff was forced to litigate the matter *Midland Funding v. Ashton Wood*, Case No. 15A15842 in Los Angeles County, an improper venue, and was forced to incur additional travel expenses associated with having to litigate the matter *Midland Funding v. Ashton Wood*, Case No. 15A15842 in Los Angeles County. Furthermore, Plaintiff has had to conduct research as to the Local Court Rules specific to Los Angeles County, a venue which is improper for this matter. As a result, Plaintiff has been injured by Defendant filing the matter *Midland Funding v. Ashton Wood*, Case No. 15A15842 in the improper venue, Los Angeles County.

30. Defendant initiated the initial lawsuit against Plaintiff, unrelated to real property, in a judicial district or similar legal entity that is outside of where Plaintiff allegedly signed the contract sued upon, and is outside the judicial

HYDE & SWIGART
San Diego, California

district or similar legal entity where Plaintiff resided at the commencement of the action. This conduct by Defendants violated 15 U.S.C. § 1692i.

31. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

32. Through this conduct, Defendants collected or attempted to collect a consumer debt, other than one reduced to judgment, by means of judicial proceedings in a county other than the county in which the debtor had incurred the consumer debt or the county in which the debtor resided at the time such proceedings were instituted, or resided at the time the debt was incurred. Consequently, Defendants violated Cal. Civ. Code § 1788.15(b).

33. As a result of Defendant's illegal conduct, Plaintiff has incurred damages, including being forced to defend a baseless action in a State in which Plaintiff does not reside.

**CAUSES OF ACTION**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

34. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

36. As a result of each and every violation of the FDCPA by Defendant, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §

HYDE & SWIGART
San Diego, California

1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

37. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

39. As a result of each and every violation of the Rosenthal Act, by Defendant, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

• An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

• An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

• An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

• An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

1    40.    Pursuant to the seventh amendment to the Constitution of the United States of

2          America, Plaintiff is entitled to, and demands, a trial by jury.

3

4    Respectfully submitted,

                                                **HYDE & SWIGART**

5

6

7    Date: June 16, 2016                    By:  s/Crosby S. Connolly
                                            Crosby S. Connolly
8                                           Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HYDE & SWIGART**
San Diego, California